ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT - 7 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA

*v.*

GERMAINE BYRD,
STEVENS FELIX, and
ZAKEYLIA WARD

Criminal Indictment

No. 1:26CR-474

26-MJ-6665-DSW
(Zakeylia Ward)

THE GRAND JURY CHARGES THAT:

**Count One**
**18 U.S.C. § 1349**
**(Wire Fraud Conspiracy)**

1. From at least on or about February 11, 2025, through at least on or about March 16, 2025, in the Northern District of Georgia, the defendants, GERMAINE BYRD and STEVENS FELIX, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme and artifice to defraud, to cause wire communications to be made in interstate commerce, in violation of Title 18, United States Code, Section 1343.

*Background*

2. At all times relevant herein:

a. BYRD was employed by the U.S. Postal Service at the North Metro Processing and Delivery Center located in Atlanta, Georgia.

b. Synchrony Bank was a financial institution with deposits insured by the Federal Deposit Insurance Corporation. The computer servers that Synchrony Bank used for credit card activations were located in Arizona and Texas.

*Manner and Means*

3. Beginning on a date unknown, but at least by in or about February 2025 and continuing until at least in or about March 2025, in the Northern District of Georgia, BYRD and FELIX devised and executed a scheme to use stolen Synchrony Bank credit cards to purchase at least tens of thousands of dollars of goods.

4. BYRD and FELIX obtained credit cards that had been stolen from the United States mail.

5. BYRD and FELIX obtained and exchanged personally identifiable information, including the name, date of birth, and social security number, for the rightful owners of some of the stolen credit cards.

6. BYRD and FELIX used personally identifiable information to activate the stolen credit cards. Sometimes, BYRD and FELIX activated the stolen credit cards

online. Other times, BYRD and FELIX activated the stolen credit cards over the phone.

7. BYRD and FELIX used the stolen credit cards for purchases at different retailers. BYRD and FELIX made some of these purchases in person. BYRD and FELIX made other purchases online and shipped the goods to their residences.

8. It was part of the conspiracy that BYRD and FELIX took the following actions:

a. On or about February 11, 2025, FELIX activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim B.A. On or about March 2, 2025, FELIX made a purchase of approximately $762.29 using the stolen credit card.

b. On or about February 18, 2025, BYRD activated and caused to be activated by phone a stolen credit card that had been sent through United States mail to victim P.B. On or about February 22, 2025, BYRD made a purchase of approximately $732.63 using the stolen credit card.

c. On or about February 28, 2025, BYRD activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim Z.B. Later that day, BYRD made a purchase of approximately $179.28 using the stolen credit card.

d. On or about March 15, 2025, FELIX activated and caused to be activated online a stolen credit card that had been sent through

United States mail to victim D.L. Later that day, FELIX made a purchase of approximately $765.74 using the stolen credit card.

e. On or about March 16, 2025, FELIX activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim R.C. On the same day, FELIX made a purchase of approximately $741.99 using the stolen credit card.

All in violation of Title 18, United States Code, Section 1349.

**Count Two**
**18 U.S.C. § 1349**
**(Wire Fraud Conspiracy)**

9. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraph 2 of this Indictment as if fully set forth herein.

10. From at least on or about February 13, 2025, through at least on or about August 11, 2025, in the Northern District of Georgia, the defendants, GERMAINE BYRD and ZAKEYLIA WARD, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme and artifice to defraud, to cause wire communications to be made in interstate commerce, in violation of Title 18, United States Code, Section 1343.

*Manner and Means*

11. Beginning on a date unknown, but at least by in or about February 2025 and continuing until at least in or about August 2025, in the Northern District of Georgia, BYRD and WARD devised and executed a scheme to use stolen Synchrony Bank credit cards to purchase at least tens of thousands of dollars of goods.

12. BYRD and WARD obtained credit cards that had been stolen from the United States mail.

13. BYRD and WARD obtained personally identifiable information, including the name, date of birth, and social security number, for the rightful owners of some of the stolen credit cards.

14. BYRD and WARD used personally identifiable information to activate the stolen credit cards. Sometimes, BYRD and WARD activated a stolen credit card online. Other times, BYRD and WARD activated the stolen credit card over the phone.

15. BYRD and WARD used the stolen credit cards for purchases at different retailers. BYRD and WARD made some of these purchases in person. BYRD and WARD made other purchases online and shipped the goods to their residences.

16. It was part of the conspiracy that BYRD and WARD took the following actions:

a. On or about February 18, 2025, BYRD activated and caused to be activated by phone a stolen credit card that had been sent through United States mail to victim P.B. On or about February 22, 2025,

BYRD made a purchase of approximately $732.63 using the stolen credit card.

b. On or about February 28, 2025, BYRD activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim Z.B. Later that day, BYRD made a purchase of approximately $179.28 using the stolen credit card.

c. On or about April 4, 2025, WARD activated and caused to be activated by phone a stolen credit card that had been sent through United States mail to victim E.C. On or about April 9, 2025, WARD made a purchase of approximately $162.91 using the stolen credit card.

d. On or about April 18, 2025, WARD and BYRD activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim R.K. Later that day, WARD made a purchase of approximately $147.21 using the stolen credit card.

e. On or about May 6, 2025, WARD and BYRD activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim J.W. Later that day, BYRD made a purchase of approximately $119.63 using the stolen credit card.

f. On or about August 11, 2025, WARD activated and caused to be activated online a stolen credit card that had been sent through United States mail to victim S.Y. Later that day, WARD made a purchase of approximately $740.94 using the stolen credit card.

All in violation of Title 18, United States Code, Section 1349.

**Counts Three through Eleven**
**18 U.S.C. § 1343**
**(Wire Fraud)**

17. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraphs 2 to 8 and 11 to 16 of this Indictment as if fully set forth herein.

18. On or about the dates set forth in the table below, in the Northern District of Georgia, the defendants listed below, aided and abetted by, and aiding and abetting, each other and others known and unknown to the Grand Jury, having knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with the intent to defraud, for the purpose of executing the above-described scheme, cause to be transmitted by means of wire communications in interstate commerce the writings, signs, signals, pictures, and sounds described below:

| *Count* | *Defendants* | *Date* | *Wire Communication* |
|---|---|---|---|
| 3 | BYRD, FELIX | 2/11/2025 | Online activation of victim B.A.'s credit card. |
| 4 | BYRD, FELIX, WARD | 2/18/2025 | Phone activation of victim P.B.'s credit card. |
| 5 | BYRD, FELIX, WARD | 2/28/2025 | Phone activation of victim Z.B.'s credit card. |

| Count | Defendants | Date | Wire Communication |
|---|---|---|---|
| 6 | BYRD, FELIX | 3/15/2025 | Online activation of victim D.L.'s credit card. |
| 7 | BYRD, FELIX | 3/16/2025 | Online activation of victim R.C.'s credit card. |
| 8 | BYRD, WARD | 4/4/2025 | Online activation of victim E.C.'s credit card. |
| 9 | BYRD, WARD | 4/18/2025 | Online activation of victim R.K.'s credit card. |
| 10 | BYRD, FELIX, WARD | 5/6/2025 | Online activation of victim J.W.'s credit card. |
| 11 | BYRD, WARD | 8/11/2025 | Online activation of victim S.Y.'s credit card. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**Count Twelve**
**18 U.S.C. § 1349**
**(Bank Fraud Conspiracy)**

19. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraphs 2 to 8 of this Indictment as if fully set forth herein.

20. From at least on or about February 6, 2025, through at least on or about August 11, 2025, in the Northern District of Georgia, the defendants, GERMAINE BYRD and STEVENS FELIX, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and

artifice to defraud Synchrony Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of Synchrony Bank, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

**Count Thirteen**
**18 U.S.C. § 1349**
**(Bank Fraud Conspiracy)**

21. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraphs 11 to 16 of this Indictment as if fully set forth herein.

22. From at least on or about February 6, 2025, through at least on or about August 11, 2025, in the Northern District of Georgia, the defendants, GERMAINE BYRD and ZAKEYLIA WARD, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud Synchrony Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of Synchrony Bank, by means of materially false and fraudulent pretenses,

representations, and promises, and by omission of material facts, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

**Counts Fourteen through Twenty-Two**
**18 U.S.C. § 1344**
**(Bank Fraud)**

23. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraphs 2 to 8 and 11 to 16 of this Indictment as if fully set forth herein.

24. On or about the dates set forth in the table below, in the Northern District of Georgia, the defendants listed below, aided and abetted by, and aiding and abetting, each other and others known and unknown to the Grand Jury, did, with the intent to defraud, knowingly execute and attempt to execute the above-described scheme to defraud by conducting purchases with stolen Synchrony Bank credit cards:

| *Count* | *Defendant* | *Date* | *Execution of Scheme* |
|---|---|---|---|
| 14 | BYRD, FELIX, WARD | 2/22/2025 | $732.63 fraudulent purchase with victim P.B.'s credit card. |
| 15 | BYRD, FELIX, WARD | 2/28/2025 | $179.28 fraudulent purchase with victim Z.B.'s credit card. |
| 16 | BYRD, FELIX | 3/2/2025 | $762.29 fraudulent purchase with victim B.A.'s credit card. |

| Count | Defendant | Date | Execution of Scheme |
|---|---|---|---|
| 17 | BYRD, FELIX | 3/15/2025 | $765.74 fraudulent purchase with victim D.L.'s credit card. |
| 18 | BYRD, FELIX | 3/16/2025 | $741.99 fraudulent purchase with victim R.C.'s credit card. |
| 19 | BYRD, WARD | 4/9/2025 | $162.91 fraudulent purchase with victim E.C.'s credit card. |
| 20 | BYRD, WARD | 4/18/2025 | $147.21 fraudulent purchase with victim R.K.'s credit card. |
| 21 | BYRD, FELIX, WARD | 5/6/2025 | $119.63 fraudulent purchase with victim J.W.'s credit card. |
| 22 | BYRD, WARD | 8/11/2025 | $740.94 fraudulent purchase with victim S.Y.'s credit card. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

**Counts Twenty-Three through Thirty-One**
**18 U.S.C. § 1028A(a)(1)**
**(Aggravated Identity Fraud)**

25. The Grand Jury realleges and incorporates by reference the factual allegations contained in paragraphs 2 to 8 and 11 to 16 of this Indictment as if fully set forth herein.

26. On or about the dates set forth in the following table, in the Northern District of Georgia, the defendant listed below, aided and abetted by, and aiding

and abetting, others known and unknown to the Grand Jury, knowingly possessed, transferred, and used, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number of each victim identified below, during and in relation to the specified predicate felony:

| *Count* | *Defendant* | *Date* | *Victim* | *Predicate Felony* |
|---|---|---|---|---|
| 23 | FELIX | 2/11/2025 | B.A. | Wire fraud as alleged in Count 3, Bank fraud as alleged in Count 16. |
| 24 | FELIX | 3/15/2025 | D.L. | Wire fraud as alleged in Count 6, Bank fraud as alleged in Count 17. |
| 25 | FELIX | 3/16/2025 | R.C. | Wire fraud as alleged in Count 7, Bank fraud as alleged in Count 18. |
| 26 | WARD | 4/4/2025 | E.C. | Wire fraud as alleged in Count 8, Bank fraud as alleged in Count 19. |
| 27 | WARD | 4/15/2025 | R.K. | Wire fraud as alleged in Count 9, Bank fraud as alleged in Count 20. |
| 28 | WARD | 8/11/2025 | S.Y. | Wire fraud as alleged in Count 11, Bank fraud as alleged in Count 22. |
| 29 | BYRD | 2/18/2025 | P.B. | Wire fraud as alleged in Count 4, Bank fraud as alleged in Count 14. |
| 30 | BYRD | 2/28/2025 | Z.B. | Wire fraud as alleged in Count 5, Bank fraud as alleged in Count 15. |
| 31 | BYRD | 5/5/2025 | J.W. | Wire fraud as alleged in Count 10, Bank fraud as alleged in Count 21. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**Count Thirty-Two**
**18 U.S.C. § 922(g)(1)**
**(Possession of Firearm by Convicted Felon)**

27. On or about October 10, 2025, in the Northern District of Georgia, the defendant, ZAKEYLIA WARD, knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, at least one of the following:

- Conspiracy to commit access device fraud, in the United States District Court for the Southern District of Florida on or about May 10, 2016; and
- Aggravated identity theft, in the United States District Court for the Southern District of Florida on or about May 10, 2016,

did knowingly possess a firearm, that is, at least one of the following:

- Del-Ton, Inc, Model DTI-15, 5.56 caliber AR-style pistol; and
- AT3 Tactical, LCC, Model AT-15, multi caliber AR-style pistol,

said possession being in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

**Forfeiture**

28. Upon conviction of one or more of the offenses alleged in Counts One through Twenty-Two of this Indictment, the defendants, GERMAINE BYRD, STEVENS FELIX, and ZAKEYLIA WARD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Twenty-Two of this Indictment.

29. Upon conviction of the offense alleged in Count Thirty-Two of this Indictment, the defendant, ZAKEYLIA WARD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense.

30. If any property subject to forfeiture, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

[*This space intentionally left blank*]

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

[redacted]

THEODORE S. HERTZBERG
*United States Attorney*



DREW F. WALDBESER
*Assistant United States Attorney*
Georgia Bar No. 862285

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181